**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DESIREE ANN ARNEY, | |
| Plaintiff, | 2:21-cv-01633-VCF |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | **ORDER** |
| Defendant. | |

This matter involves Plaintiff Desiree Ann Arney's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Arney's motion for reversal or remand (ECF No. 19), the Commissioner of Social Security's motion to affirm (ECF No. 20), and Plaintiff's reply in support of her motion for reversal or remand (ECF No. 22). For the reasons stated below the Court denies Arney's motion to reverse or remand and grants the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I.  Factual Background

The ALJ applied a five-step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Arney suffered from a severe combination of impairments including chronic obstructive pulmonary disease, sleep apnea, asthma, diabetes, diabetic retinopathy, peripheral neuropathy, obesity, dysfunction of the left knee status-post arthroscopy, osteoarthritis of the bilateral hands and left wrist, and bilateral carpal tunnel syndrome status-post bilateral carpal tunnel release, right hand/wrist July 2019 and left hand/wrist in September 2019 (20 CFR 404.1520(c)). AR 27. The ALJ examined relevant medical evidence including opinions of State Agency psychological consultants and plaintiff's records of medical treatment. The ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), thus the ALJ denied her social security benefits. (AR 24-34).

The ALJ concluded that plaintiff had residual functional capacity to perform a wide range of sedentary exertional work. The plaintiff can lift and/or carry and push and/or pull up to 10 pounds occasionally and less than 10 pounds frequently. The plaintiff can sit for up to six hours in an eight-hour workday and stand and/or walk for up to two hours in an eight-hour workday. The plaintiff can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. However, she can never climb ladders, ropes or scaffolds. The plaintiff can frequently balance. In addition, she can frequently handle and finger with the bilateral upper extremities. The plaintiff must avoid concentrated exposure to extreme cold and heat, vibration, pulmonary irritants including fumes, odors, dusts, gases and poor ventilation, and hazards such as moving mechanical parts and unprotected heights. (AR 29-30).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from February 1, 2019, through the date of the decision on June 19, 2020. (AR 27).

Plaintiff challenges the ALJ's finding that on these factors:

1. The ALJ's residual functional capacity assessment lacks the support of substantial evidence, and,
2. The ALJ failed to articulate clear and convincing reasons for discounting Desiree Arney's subjective complaints. (ECF No. 19).

The Commissioner argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled. (ECF No. 20).

**II.    Analysis**

**1. Whether the ALJ's residual functional capacity assessment lacks the support of substantial evidence?**

Plaintiff argues that the ALJ's residual functional capacity assessment lacks the support of substantial evidence. The ALJ's decision must be (1) free of legal error and (2) supported by substantial

evidence. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989). "Substantial evidence" means "more than a scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but "less than a preponderance." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); see also *Desrosiers v. Secretary of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)) (emphasis added). In determining whether the ALJ's determination is reasonable, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

Plaintiff takes issue with the ALJ's residual functional capacity finding, specifically regarding Plaintiff's mental impairments and her carpal tunnel syndrome, but she identifies no opinions supporting greater restrictions than the ALJ found. The ALJ found that plaintiff has non-severe impairments including hypertension, vertigo, degenerative joint disease of the left shoulder, degenerative disc disease of the lumbar spine, depression, and anxiety. (AR 27).

Contrary to Plaintiff's arguments, non-severe mental impairments do not necessarily impose any restrictions in a claimant's residual functional capacity, and an ALJ has no obligation to include such restrictions where no source has identified any such restrictions.

The ALJ found persuasive the assessments by Dr. Amezaga and Dr. Wright, both of whom found non-severe mental impairments based on only mild limitations at most (AR 33). Neither Dr. Amezaga nor Dr. Wright identified any restrictions for the ALJ to include in his residual functional capacity, and the ALJ did not err in any way by not incorporating any such restrictions in his RFC. *Cf. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the ALJ did not need to include undefined

"moderate" limitations in the RFC, but instead properly accounted for them by including the concrete restrictions that State agency experts found those moderate limitations would impose).

**2. Whether the ALJ fail to articulate clear and convincing reasons for discounting Desiree Arney's subjective complaints?  (ECF No. 19).**

Plaintiff also challenges the ALJ's evaluation of her symptom allegations, but the ALJ made specific findings, citing evidence in the record, and complied fully with the regulations and case law.

The ALJ considered Plaintiff's Function Reports which outlines how she perceives her impairments affects her functioning. (AR 30).  The ALJ considered Plaintiff's testimony. Plaintiff testified that she has difficulty doing basic household chores and walking, sitting and standing for long periods.  Plaintiff also testified that her medications make her drowsy so she takes naps. Plaintiff testified that she lived with her mother and boyfriend, had a high school education, and last worked in February 2019 at Wal-Mart (AR 147). She worked for a wireless communications company from 1999 to 2018 (AR 147-48). Plaintiff stated that she could perform basic personal hygiene, but household chores "depend[ed] on the day" (AR 150). She claimed that her joints were stiff when she awoke in the morning, but that after taking medication she was sometimes "very flexible" and able to do regular chores that did not require heavy lifting (AR 150-51). She explained that she could load the dishwasher and prepare simple meals, make the bed (with assistance putting on fitted sheets), and that she was the only one in the household who drove (AR 151). Plaintiff testified that walking was difficult for her because of difficulty breathing and arthritis, and that her joints became stiff if she stood too long (AR 152).  Plaintiff testified also about shortness of breath, joint pain in the hands and wrists, and diabetes (AR 156-58).

The ALJ considered Plaintiff's alleged impairments.  Plaintiff's medical records show that Plaintiff received treatment  for chronic obstructive pulmonary disease (COPD), sleep apnea, asthma, diabetes, diabetic retinopathy, peripheral neuropathy, obesity, dysfunction of the left knee status post arthroscopy, osteoarthritis of the bilateral hands and left wrist, and bilateral carpal tunnel syndrome status-post bilateral

release. (AR 31). The ALJ stated that imaging shows that plaintiff has clear lungs and there has been improvement. Plaintiff also stated that she was improving each day with treatment. As for Plaintiff's diabetes, plaintiff's glucometer measurements were markedly improved with a new treatment regimen including continuous monitoring. Id.

The ALJ also discussed plaintiff's left knee impairment, the record shows that plaintiff injured her left knee in October 2018 and experienced pain and irritation with certain movements. Plaintiff underwent left knee surgery. Medical records support the ALJ's conclusion that, after surgery, there was little evidence of ongoing complaints regarding the left knee. (AR 31)

The ALJ addressed plaintiff's osteoarthritis of the bilateral hands and left wrist and bilateral carpal tunnel syndrome status-post bilateral carpal tunnel release, right in July 2019 and left in September 2019, Plaintiff complained of weakness and reduced grip and pain. The ALJ discussed that nerve conduction studies noted right median neuropathy and entrapment at the transverse carpal tunnel ligament but no other abnormalities. The ALJ noted that imaging of the bilateral hands was normal until September 2019 x-rays noted mild to moderate degenerative changes of the bilateral hands and a January 2020 MRI of the left wrist noted moderate degenerative changes of the first CMC joint and tenosynovitis of the extensor tendon complex, which shows that plaintiff's upper extremity impairments are more than adequately accommodated by the maximum residual functional capacity for a range of sedentary work with additional manipulative limitations. (AR 31-32).

The ALJ addressed plaintiff's obesity and stated that plaintiff's obesity has some effect on her overall health and ability to function, a limitation to a range of sedentary work with additional postural, respiratory, and environmental limitations. (AR 32).

The record supports the ALJ's conclusion that the opinions of the State agency psychological consultants are persuasive because the conclusion that the plaintiff's mental impairments are non-severe

is consistent with the evidence cited. Plaintiff is able to manage her own finances, drive, prepare meals, perform household chores, and socialize over the phone. (AR 33).

The ALJ considered Dr. Nickles's and Dr. Arnow's prior administrative medical findings, which concluded that Plaintiff could perform a range of light work with some manipulative limitations: frequent handling, fingering, and feeling because of right median neuropathy and entrapment of transverse carpal ligament (AR 33; AR 174-76, 192-94). The ALJ found these assessments unpersuasive insofar as they found an ability to perform light work, and the ALJ instead concluded that Plaintiff could lift and carry no more than ten pounds (AR 33; see also AR 29-30). Even so, the ALJ found the same manipulative limitations that these physicians assessed. These conclusions are supported by the record.

Plaintiff takes issue with the ALJ's reliance (in part) on Dr. Nickles's and Dr. Arnow's assessments because they did not review all the evidence in the record. In Plaintiff's view, this fact required the ALJ to obtain new opinions about Plaintiff's functioning at the hearing level, but "there is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 Fed.Appx. 421, 423 (9th Cir. 2020) (unpublished). Plaintiff had an attorney at the hearing, and never sought updated opinions or suggested to the ALJ that such further evidence was necessary. The ALJ left the record open after the hearing for Plaintiff's attorney to submit additional evidence (AR 143-44, 164). After the hearing, Plaintiff submitted over 200 pages of additional records (compare AR 143 (ALJ stated at the hearing that he had exhibits through 22F and left the record open for additional evidence) with AR 1319-1573. (exhibits 23F-29F)). Therefore, even if the ALJ had a duty to develop the record further as Plaintiff claims, the ALJ discharged that duty by leaving the record open. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (noting that the ALJ satisfied his duty to develop the record by leaving the record open after the hearing).

The ALJ had no duty to develop the record with further opinion evidence. Plaintiff has not identified any evidence that post-dated Dr. Nickles's and Dr. Arnow's review of the records that would

support greater manipulative limitations, nor has she identified any ambiguity or insufficiency in the record.

### III.     Findings

The court finds that the ALJ's evaluation of Plaintiff's symptom allegations, finding them inconsistent with objective medical evidence, good response to various forms of treatment, and Plaintiff's daily activities, is supported by the record and applicable law.

The ALJ found Plaintiff's testimony was not entirely consistent with the medical and other evidence in the record, as explained in the decision (AR 24–34).  The ALJ found that Plaintiff had the residual functional capacity to perform a wide range of sedentary exertional work. The ALJ concluded that Plaintiff could perform past relevant work as an office coordinator and as a leasing specialist.  This work does not require the performance of work-related activities precluded by the plaintiff's residual functional capacity (20 CFR 404.1565). (AR 34).

The court finds that the ALJ considered relevant evidence, and provided valid reasons supported by substantial evidence for rejecting Plaintiff's symptom allegations. *See Thomas*, 278 F.3d at 959 (if the ALJ's evaluation of symptoms "is supported by substantial evidence in the record, we may not engage in second-guessing").

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Arney's motion to reverse or remand (ECF No. 19) is DENIED, and that the Commissioner's motion to affirm (ECF No. 20) is GRANTED.

The Clerk of Court is directed to enter final judgment in favor of defendant.

DATED this 29th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE